```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

VICTOR JIMENEZ                    :        CIVIL ACTION
                                  :
        v.                        :
                                  :
JOSEPH PIAZZA, et al.             :        NO. 07-cv-04593-JF

MEMORANDUM AND ORDER

Fullam, Sr. J.                                     March 20, 2008

      Petitioner, Victor Jimenez, a state prisoner, asserts that he is entitled to a writ of habeas corpus because he was sentenced for a crime of which he was not convicted. Specifically, the verdict form used at his trial states that the jury found him guilty of "criminal conspiracy." If this meant that he was convicted of conspiracy to commit an aggravated assault, petitioner was subject to the mandatory five to ten-year sentence he actually received. If, on the other hand, the jury meant to convict petitioner of some other kind of conspiracy (the government had tried to prove that, in addition to assaulting a victim with a deadly weapon, petitioner should also be convicted of illegal possession of an unlicensed firearm), he would only have been subject to a much lesser sentence.

      The magistrate judge to whom the case was referred was persuaded by the Commonwealth's argument that the petition asserted only state-law claims, rather than any claim based upon the United States Constitution, hence the petition could not be considered by this Court. The magistrate judge recommended that

the petition be denied without a hearing, for that reason.  The petitioner has filed objections to the magistrate's report.

It is undisputed that, under Pennsylvania law, ambiguities concerning the nature of the conspiracy found by the jury must be resolved by application of the rule of lenity.  While a violation of this principle would be a state-law violation, it would also have constitutional implications.  A defendant sentenced for a crime of which he has not been convicted can legitimately assert that his constitutional rights have been affected.  And if, as petitioner contends, the trial judge's interpretation of the jury's verdict resulted in the judge, rather than the jury, finding facts which increased the sentence beyond the statutory maximum, <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), would be implicated.

I therefore conclude that federal issues are indeed involved, and that petitioner's claims are justiciable.  But it is also quite clear that petitioner's claims lack merit.  The criminal information which charged petitioner with "criminal conspiracy," specified "criminal objective – assault, attempted murder, etc.; overt act – shot complainant in the back."

The trial judge's charge to the jury included the following:

> "The defendant is charged with conspiracy to
> commit attempted murder and aggravated assault
> ... In order to find the defendant guilty of
> conspiracy to commit attempted murder and

>   aggravated assault, you must be satisfied that
>   the following three elements have all been
>   proven beyond a reasonable doubt.  First, that
>   the defendant agreed with Jose Ortiz that one
>   or more of them would engage in conduct which
>   constitutes the crimes of attempted murder and
>   aggravated assault ..."

It is thus abundantly clear that the jury convicted petitioner of the crime for which he has been sentenced.  That is the only federal issue which has been asserted in this case.  The petition must therefore be denied.

An Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


VICTOR JIMENEZ                    :      CIVIL ACTION
                                  :
         v.                       :
                                  :
JOSEPH PIAZZA, et al.             :      NO. 07-cv-04593-JF
```

ORDER

AND NOW, this 20th day of March 2008, IT IS ORDERED:

That the petition of Victor Jimenez for a writ of habeas corpus is DENIED.  There is no probable cause for appeal.


                                         BY THE COURT:


                                         /s/ John P. Fullam
                                         John P. Fullam, Sr. J.